UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LORI SIMPSON and JOHN SIMPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 1:12-CV-177 RLM |
| | ) | |
| HOOK-SUPERX, L.L.C. d/b/a CVS and | ) | |
| CVS PHARMACY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

COME NOW the Plaintiffs, Lori Simpson ("Simpson") and John Simpson and for their causes of action against the Defendants, Hook-Superx, L.L.C. d/b/a CVS and CVS Pharmacy, Inc. (sometimes collectively referred to as "CVS") state and allege as follows:

### I. INTRODUCTION

1. This is a claim by Simpson against CVS for damages she suffered as a result of a CVS employee giving her a flu shot. On December 18, 2010, Simpson went to CVS at its Lima Road location in Fort Wayne, Indiana to get a flu shot. The CVS employee who gave Simpson the shot had a difficult time giving the shot and asked Simpson if anyone had ever told her that she had thick skin. After puncturing the skin, the CVS employee jabbed the needle around inside Simpson's shoulder. Since obtaining the shot, Simpson has had right shoulder pain and problems with motor skills in her right arm.

It is Simpson's contention that the CVS employee was negligent in the manner she gave her the shot in the arm and should have administered the shot in a different manner.

As a direct result of the flu shot, Simpson has been seriously injured. After receiving the flu shot, Simpson immediately felt pain in and around her shoulder. Her arm and shoulder pain increased as the day continued and she ultimately went to Redi-Med for an evaluation. She was advised to and did follow-up with Fort Wayne Orthopaedics ("FWO") for further consultation. Dr. Chaykowski indicated that the likely mechanism of Simpson's problem was the result of an injury to a branch of her axillary nerve from the injection. At the recommendation of FWO, Simpson went through physical therapy and underwent a series of electrodiagnostic studies. An EMG report was negative. A MRI of her shoulder indicated there was fluid in her subdeltoid bursa most consistent with bursitis and that there was a superior bursal surface partial tear along the interior portion of the distal superspinatous tendon. In May of 2011, Simpson underwent right shoulder arthroscopy by Dr. Sassmannshausen with FWO who noted that Simpson was suffering from significant thickening of the capsule within the rotator cuff and subacromial bursitis with curved undersurface of the acromion. Simpson did further physical therapy but still suffers severe shoulder and neck pain. She has undergone injections of Lidocaine, Marcaine and Depo-Medrol. To date, Simpson has incurred approximately $34,695.39 in medical bills and 24 hours of lost wages estimated at $581.76. Simpson has undergone shoulder surgery, several types of physical therapy, injections, chiropractic treatment and acupuncture, but her pain has not gotten any better and is constant. She is a 42 year old woman who was very active in sports and conditioning and was active with her young children. She now cannot do many things she used to do such as running and playing sports with her kids. At this time, it appears Simpson's condition may be permanent. She is seeking an award of damages sufficient to compensate her for her losses including her medical bills, lost wages, her injuries, her

pain and suffering, emotional distress, embarrassment and humiliation, and for all other relief appropriate under the circumstances.

John Simpson is bringing a claim for the loss of consortium of his wife, Lori Simpson.

## II. PARTIES

2. Simpson is an individual citizen and resident of Allen County, Indiana who at all times relevant hereto was married to John Simpson.

3. John Simpson is an individual citizen and resident of Allen County, Indiana who at all times relevant hereto was married to Lori Simpson.

4. Hook-Superx, L.L.C. is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business at One CVS Drive, Woonsocket, Rhode Island. Hook-Superx, L.L.C. does business as CVS Pharmacy.

5. CVS Pharmacy, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Rhode Island with its principal place of business at One CVS Drive, Woonsocket, Rhode Island.

## III. JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, the Federal Diversity statute, in that the Simpsons are citizens of the State of Indiana, CVS Pharmacy, Inc. is a citizen of the State of Rhode Island and Hook-Superx, L.L.C. is a citizen of the State of Rhode Island, as it has only one member which is CVS Pharmacy, Inc., a Rhode Island Corporation with its principal place of business in Woonsocket, Rhode Island. The matter in controversy involves more than $75,000.00 exclusive of interest and costs. Accordingly, this Court has diversity jurisdiction over this action.

## IV.  FACTS

7. The Simpsons incorporate by reference Paragraphs 1 through 6 as if same were fully set forth herein.

8. On or about December 18, 2010, Simpson went to the CVS Pharmacy at its Lima Road location in Fort Wayne, Indiana to get a flu shot. A copy of her Vaccine Consent and Administration Record is attached to this Complaint as Exhibit 1.

9. The person who gave Simpson the flu shot is believed to be a CVS employee. This CVS employee who gave Simpson the shot had a difficult time giving the shot and asked Simpson if anyone had ever told her that she had thick skin. After puncturing her skin, the CVS employee jabbed the needle around inside Simpson's shoulder.

10. Since obtaining the shot, Simpson has had right shoulder pain and problems with motor skills of her right arm.

11. After receiving the flu shot, Simpson immediately felt pain in and around her shoulder. She went home to rest. Her arm and shoulder pain increased as the day continued. Simpson became worried and scared due to the severity of the pain and went to Redi-Med for evaluation. It was noted in the Redi-Med records that Simpson had mild tenderness to her acromial joint space, moderate tenderness to her posterior humeral head and superior triceps and mild tenderness to her superior deltoid. In addition, the doctor noted that Simpson's flexion, extension, adduction, abduction, internal and external rotation were all moderately limited by pain. Simpson was diagnosed with shoulder pain and "possible intraarticular injection". She was advised to take over-the-counter Tylenol and Ibuprofen for pain as needed, to rest, and to ice and gently stretch the affected area. In addition, Simpson was told to follow-up with the FWO walk-in clinic.

12. On or about December 29, 2010, Simpson went to see Jerald Cooper, M.D. of FWO for further consultation. Dr. Cooper examined Simpson and had a discussion with Dr. Chaykowski. Dr. Chaykowski believed that the likely mechanism of Simpson's problem was the result of an injury to a branch of her axillary nerve from the injection.

13. A MRI report for Simpson dated February 5, 2011 found she was suffering from bursitis and also a partial tear of her tendon.

14. On May 23, 2011, Simpson underwent right shoulder arthroscopy with arthroscopic subacromial decompression. Dr. Sassmannshausen's report from the surgery indicates that Simpson is suffering from significant thickening of the capsule within the rotator cuff and subacromial bursitis with curved undersurface of the acromion.

15. Despite the surgery her pain continued. At the time of the filing of this Complaint, Simpson had undergone shoulder surgery, several different types of physical therapy, injections, chiropractic treatment and acupuncture, however her pain has not gotten any better and is constant.

16. Prior to this flu shot, Simpson was a healthy female, age 41. She worked out daily in her home gym. Since the flu shot, Simpson is hardly able to perform any type of workout. She cannot perform any upper body workouts due to the extreme pain. She cannot even run on her treadmill, or elsewhere, because running causes severe shoulder pain. Her activities are extremely limited. She frequently drops items because of the pain. The following list reflects additional things that Simpson previously did, which she can no longer do, since receiving the flu shot:

  1) throw;
  2) reach behind;
  3) reach her arms past shoulder level;
  4) open bottles or jars;

    5)    participate in sports activities- running, bike riding, racquetball, canoeing, golfing, skiing, swimming;
    6)    push her kids on swings;
    7)    play sports with kids (basketball, football and baseball); and
    8)    rake leaves and shovel snow.

The following list shows activities that are difficult and painful for Simpson to do since receiving the flu shot:

    1)    putting on and taking off her blouses;
    2)    difficulty washing and fixing her hair;
    3)    pulling up / pulling down her pants;
    4)    putting on eye makeup;
    5)    using the bathroom;
    6)    love making.

In addition, Simpson suffers from night pain and difficulty sleeping. Her right shoulder pain radiates down into her hand and fingers. Also, the tendon in Simpson's neck has become affected by the limitations to her right shoulder. When she reaches up, Simpson's tendon pops out the right side of her neck.

    17.    To date, Simpson has incurred approximately $34,695.00 in medical bills as a direct result of the injury she has suffered from the flu shot. She has suffered lost wages of 24 hours and is an employee of Windstream Communications where she earns $24.24 per hour, making her lost wages estimated at $581.76. Simpson is still under the care of Dr. Sassmannshausen and will require additional medical care in the future.

## V.  STATEMENT OF CLAIMS

### Count I – Negligence By CVS

    18.    The Simpsons incorporate by reference Paragraphs 1 through 17 as if same were fully set forth herein.

19. The CVS employee who administered the flu shot to Simpson did it in a negligent manner causing injury to her.

20. CVS is responsible under the doctrine of *respondeat superior* for the negligence of its employee in administering the shot.

21. As a direct result of the negligence of CVS, Simpson has suffered damages.

### Count II – John Simpson's Loss of Consortium Claim

22. The Simpsons incorporate by reference Paragraphs 1 through 21 as if same were fully set forth herein.

23. As a direct result of the negligence of CVS, John Simpson has suffered the loss of consortium of his wife, Lori Simpson.

### VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, Lori Simpson and John Simpson, pray for the following relief:

   a) judgment in their favor;

   b) an award of damages sufficient to compensate them for their losses;

   c) costs of this action; and

   d) all such other relief appropriate under the circumstances. .

### DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, Lori Simpson and John Simpson, by counsel, and hereby demand a trial by jury as to all issues so triable.

        Respectfully submitted,

        THEISEN BOWERS & ASSOCIATES, LLC

        s/ John C. Theisen
        John C. Theisen, #549-02
        Nathaniel O. Hubley, #28609-64
        Marie M. Kolp, #26863-02
        810 South Calhoun Street, Suite 200
        Fort Wayne, IN 46802
        Telephone: (260) 422-4255
        Facsimile: (260) 422-4245
        Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby swears and affirms that a true and correct copy of the above was filed by way of the Court's CM/ECF this 20th day of August, 2012, which will send electronic notification to:

Kevin K. Fitzharris, Esq.
Barrett & McNagny, LLP
215 East Berry Street
Fort Wayne, Indiana 46802

        s/ John C. Theisen